UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

McNeilus Truck and Manufacturing, Inc.,)
a Minnesota Corporation, )
)
Plaintiff, )
)
vs. )
)
Byron Hunt, )
)
Defendant. )
)

Civil Action No. 0-01-CV-1099
(DSD/JMM)

---

**PROTECTIVE ORDER**

Pursuant to the Federal Rules of Civil Procedure, and in order to govern the production and use of information claimed to be confidential, this court, being fully advised in the premises on July 31, 2001, and finding that good cause for entry of this Protective Order has been shown, finds as follows:

IT IS HEREBY ORDERED THAT:

1. Scope of Order. This Order shall govern all documents produced and information supplied in any form in this case for purposes of discovery, or otherwise, which have been designated as "**CONFIDENTIAL.**" When used in this Order, "documents" shall mean all written, recorded or graphic matter and shall include, without limitation, deposition transcriptions, deposition exhibits and documents produced in this action by any party or non-party to the action, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement. The use at trial of any material designated as "**CONFIDENTIAL**" shall be governed by a Pretrial Order to be entered subsequent to the completion of discovery.

FILED 7-31-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. "CONFIDENTIAL". For purposes of this Order, "**CONFIDENTIAL**" shall mean all documents which are produced, or disclosed to, a receiving party, which a producing party considers in good faith to constitute or contain trade secrets, confidential research and development or commercial information and which has been so designated by the producing party in the manner set forth hereafter. Only one copy of "**CONFIDENTIAL**" material shall be produced and the receiving party is prohibited from making copies thereof. If necessary, an additional copy may be obtained upon request to Defendant's counsel.

3. Manner of Designation for "CONFIDENTIAL" Material. The designation of any documents as "**CONFIDENTIAL**" may be made by placing or affixing thereon (in such manner as will not interfere with the legibility thereof) the following notice:

CONFIDENTIAL

CONFIDENTIAL BUSINESS RECORDS OF ____________
FOR USE IN CASE ____________________ ONLY

MAY NOT BE COPIED OR REPRODUCED IN WHOLE
OR IN PART IN ANY MANNER WHATSOEVER

TO BE RETURNED TO ______________________________
AT THE CONCLUSION OF THIS LITIGATION PER
COURT ORDER DATED _______ ________________

Documents to which such notice cannot be affixed may be designated as "**CONFIDENTIAL**" in any manner sufficient to give notice thereof.

4. Procedures.

(a) Any person or entity party producing documents, or otherwise supplying information, may designate, subject to paragraph 3 of this Order, all or any portion or portions thereof as "**CONFIDENTIAL**" material.

(b) Any person or entity producing or filing a document shall, at the time of production or filing, designate it as set out in paragraph 3. Deposition testimony shall be designated as "**CONFIDENTIAL**" during the course of a deposition.

5. Objections to Designation . A person or entity may object at any time to the designation of materials as "**CONFIDENTIAL**" by giving written notice to the person or entity designating it as such. Such notice shall identify the material to which the objection is directed. The failure to object at any time shall not preclude a subsequent objection. If such parties are unable to resolve their differences within seven (7) days, the objecting party may file an appropriate motion requesting that the Court rule that the disputed material should not be treated as "**CONFIDENTIAL**" material under this Order. The disputed material shall remain "**CONFIDENTIAL**" material and subject to the terms of this Order, until the Court has ruled on such motion.

6. Use of "CONFIDENTIAL" Material. ALL ATTORNEYS OF RECORD IN THIS ACTION (INCLUDING THEIR EMPLOYEES) AND ANY OTHER PERSONS WHO MAY BE AUTHORIZED TO RECEIVE "**CONFIDENTIAL**" MATERIALS UNDER THIS ORDER AND TO WHOM SUCH MATERIALS ARE DISCLOSED OR PRODUCED PURSUANT TO THIS ORDER SHALL USE SUCH MATERIAL FOR PURPOSES OF THIS LITIGATION AND FOR NO OTHER PURPOSES.

7. Disclosure of "CONFIDENTIAL" Material. "**CONFIDENTIAL**" material shall not be disclosed except to:

(a) The Court or as authorized by the Court during hearings or trials.

(b) Attorneys of record designated herein (including employees of said legal counsel working on this case and having a need to see it). Said attorneys for purposes of this Order shall be limited as follows:

(1) for plaintiff McNeilus Truck and Manufacturing, Inc.: Siegel, Brill, Greupner, Duffy & Foster, P.A., 100

Washington Avenue, Suite 1300, Minneapolis, Minnesota 55401;

(2) for defendant Byron Hunt and Continental Mfg. Co., Inc.: Dunlap & Seeger, P.A., 206 South Broadway, Suite 505, Marquette Bank Building, Rochester, Minnesota 55903.

(c) Any court reporters in the instant case shall be allowed to see "**CONFIDENTIAL**" material; however, no copies of the "**CONFIDENTIAL**" material shall be given to, or left with, any court reporters without the express permission or agreement of the entity or person owning such material, their attorneys or by court Order.

8. Written Acknowledgments. No "**CONFIDENTIAL**" material shall be disclosed to any person described in subparagraph 7(c) hereof unless such person acknowledges in writing as set forth on Exhibit "A" that he/she has received a copy of this Order and agrees to be bound by its terms and submits to the court' s jurisdiction for the purpose of enforcement of this Order. Each such original written acknowledgment shall be delivered and retained by the legal counsel (receiving party's counsel) disclosing the "**CONFIDENTIAL**" material. Counsel for the receiving party shall be responsible to ensure compliance with this paragraph.

9. Court Documents to be Filed Under Seal. To the extent that pleadings, motion papers, memoranda of law, transcripts of depositions, and any exhibits to said pleadings, motion papers, memoranda of law, or transcripts or depositions incorporate documents or information designated as "**CONFIDENTIAL**" material, then such court filing or transcripts or exhibits, to the extent they contain "**CONFIDENTIAL**" material, shall be filed under seal subject to further order of the Court.

10. Limitation on the Use of Confidential Information. Information or material designated "**CONFIDENTIAL**" shall be held in strict confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to

receive such information as herein provided. All produced information or materials designated "**CONFIDENTIAL**" shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

11. Modification of Order. This Order may be modified by further written stipulation signed by the undersigned attorneys, or by further order of the Court. Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Order, to include, but not limited to, any additional protective terms or conditions that a party may believe in good faith to be appropriate or necessary.

12. Obligation to return "CONFIDENTIAL" Materials. The attorney for any party receiving "**CONFIDENTIAL**" material is required to return all "**CONFIDENTIAL**" material, upon termination of this litigation, to the attorney for the entity who produced it and the attorney for the party returning said "**CONFIDENTIAL**" material shall certify by Affidavit that he or she has returned all " **CONFIDENTIAL**" material produced under this Order. All such "**CONFIDENTIAL**" material shall be returned not later than thirty (30) days after conclusion of this litigation. The originals of all written acknowledgments executed in compliance with paragraph 8 of this Order shall also be provided at that time. The attorney for the returning party shall certify in his or her Affidavit required by this paragraph that he or she is enclosing an original written acknowledgment for each person referred to in paragraph 7(b) of this Order.

13. No Admissions. Neither this Order nor the designation of any material as "**CONFIDENTIAL**", shall be construed as an admission that such material, or any testimony relating to such material, in a deposition or at trial, would be admissible in evidence in this cause or in any proceeding. The fact that a person or entity designated material or testimony as confidential shall not be admissible evidence at a hearing or trial.

14. The inadvertent failure of any entity to designate documents, data, oral or written material or information as confidential material shall not constitute, or have the effect of, a waiver of any claim that such material, or any similar material, is confidential

within the meaning of this Order, including discovery materials which an entity inadvertently fails to designate as confidential at the time of production, but which such party subsequently designates as confidential. The treatment by the remaining parties of such materials as other than confidential prior to their designation as confidential shall not be construed as a violation of the provisions herein governing the use of confidential materials.

15. Should any person bound hereby receive a subpoena, civil or regulatory investigation demand, or other process from a third party which may be construed to require the disclosure of confidential material in any form, said person shall immediately give notice to the entity who designated the information sought by the subpoena, demand or other process as confidential. Once notified, it shall be the burden of the entity that designated the information confidential to protect the information from disclosure or production pursuant to the subpoena, demand or process.

16. Nothing contained in this Order shall be construed as shifting any of the burdens of proof of any party with respect to any dispute over the applicability of a privilege to any particular document produced pursuant to this Order.

17. An authorized attorney to whom confidential documentation is disclosed is permitted to prepare a list of the documentation that identifies the date, author, addressee and type of document. This list of confidential documentation may be disclosed to any agents, experts or clients of the attorney only after the list has been approved by the producing party, which approval shall not be unreasonably withheld, or upon order of the court.

DONE and ORDERED at the United States District Court, District of Minnesota, this 31st day of July, 2001.

JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98